IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WESTCHESTER FIRE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 13 C 6151 ) |
| PURCELL & WARDROPE, CHTD., et al., | ) ) ) |
| Defendants. | ) ) |

MEMORANDUM ORDER

Westchester Fire Insurance Company ("Westchester") has just filed a Complaint for Declaratory Judgment against a law firm, two individual lawyers and two other individuals, seeking to invoke federal jurisdiction under the rubric of diversity of citizenship. Because the Complaint fails in the most fundamental terms to establish diversity, the teaching of our Court of Appeals calls for dismissal of the Complaint, and this sua sponte memorandum order does so.

To begin with, it is of course black letter law that the declaratory judgment statutes (28 U.S.C. §§2201 and 2202[1]) are not themselves founts of federal jurisdiction. Hence this Court turns to Section 1332 for that purpose.

On that score Complaint ¶3 properly identifies Westchester's own corporate citizenship under the twofold test specified in

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

Section 1332(c)(1). And as for the two nonlawyer defendants, Complaint ¶7 properly specifies each one's state of citizenship.

But with Westchester's counsel thus obviously cognizant of the need to establish diversity and of the criteria for doing so, there is simply no justification for the total silence in Complaint ¶¶5 and 6 as to the state of citizenship of each of the two lawyer defendants--all that is asserted as to each is that he or she "is an attorney duly licensed to practice law in the State of Illinois."

As to the more common error of referring to an individual's residence, rather than being entirely silent on any effort toward identifying diversity, our Court of Appeals has regularly taught that "an allegation of residence, however, is insufficient to establish diversity jurisdiction" (Simon v. Allstate Employee Group Med. Plan, 263 F.3d 656, 658 (7th Cir. 2011)) and that "[w]hen the parties allege residence but not citizenship, the district court must dismiss the suit" (Adams v. Catrambone, 359 F.3d 858, 861 n.3 (7th Cir. 2004)). It follows a fortiori that the same consequence should follow in the current situation, where counsel has fallen short even of that insufficient set of allegations.

Finally as to the law firm defendant, Complaint ¶4 inexplicably does not provide the same type of information that Westchester's counsel has provided for plaintiff itself in

2

Complaint ¶3. In that regard, both the case caption and Complaint ¶1 refer to that defendant as "Purcell & Wardrope, Chtd." And it would appear from the "Chtd." at the end of that name that the law firm is most likely organized under the Illinois Professional Service Corporation Act (see 805 ILCS 10/9). On that premise this Court assumes that Section 1332(c)(1) applies to the law firm just as it does to Westchester, but if that is not the case the latter's counsel should provide the appropriate information as to the law firm.

This Court has a mandated obligation to "police subject matter jurisdiction sua sponte" (Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005)). It has no fondness for what may appear to be such Draconian treatment, but on the other hand there is really no excuse for counsel's inattention to such fundamentals when the flawed pleading itself shows that counsel knows what is required. Hence what appears reasonable is to follow the dictate of the Court of Appeals, while at the same time holding out the prospect of allowing a proper invocation of federal subject matter jurisdiction coupled with the imposition of a reasonable cost.

Accordingly not only Westchester's Complaint but this action are dismissed (cf. Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998)), with Westchester's counsel obligated to pay a fine of $400 to the District Court Clerk if an appropriate Fed. R. Civ.

3

P. 59(e) motion hereafter provides the missing information that leads to the vacatur of this judgment of dismissal.[2] Because this dismissal is attributable to Westchester's lack of establishment of federal subject matter jurisdiction, by definition it is a dismissal without prejudice.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 30, 2013

---

[2] That fine is equivalent to the cost of a second filing fee, because a new action would have to be brought if the defects identified here turn out to be curable. As to the identity of the paying party, it would seem difficult to justify the client's having to bear the cost of a legal error committed by counsel in a area about which a nonlawyer would have no reason to be informed.

4